UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LISA HALL-PORTER                                            Index No.

                   Plaintiff,             **COMPLAINT**

-against-                                                   **JURY DEMAND**

CITY OF NEW YORK, P.O. FERNANDO
BISONO and "JOHN DOES 1-2"
(whose names and shield #s are unknown)

                   Defendants.                ORENSTEIN, M.J.
-----------------------------------------------------------x

      Plaintiff, by her attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, P.O. Fernando Bisono and "John Does 1-2" (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

      2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, use of excessive force and malicious prosecution of Plaintiff and otherwise, for the violation of her federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that her remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a black female, is a resident of the City of New York, County of Kings and State of New York.

7. Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Upon information and belief, defendants P.O. Fernando Bisono and "John Does 1-2" (collectively "defendant officers") were and still are police officers employed by defendant City.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On or about June 9, 2012, at approximately 1:00 PM on Liberty Avenue, at or near the intersection with New Jersey Avenue in Brooklyn, New York plaintiff was assaulted and

2

arrested by defendants without any justification.

11. At the aforementioned time and place, plaintiff was riding her electric bike on the bike lane with her husband as a passenger and while they were stopped at a traffic light, a police van stopped by them and an officer asked plaintiff if she had any registration for the bike. There were three officers in the police vehicle.

12. Plaintiff advised the officers that the bike was an electric bike and required no registration. The officers left and plaintiff continued riding on the bike lane.

13. After driving a short distance, the officers made a u-turn and came after plaintiff and demanded her photo identification.

14. When plaintiff provided her photo ID to the officers, one of the officers told plaintiff that she had an outstanding warrant for suspended driver's licence since 1995.

15. Plaintiff advised the officers that she had never been issued a driver's license in her life and there could not have been any warrant against her relating to use of a suspended license. Plaintiff's husband also told the officers that plaintiff has never had a driver's license.

16. Notwithstanding plaintiff's explanation, the officers went ahead and arrested plaintiff.

17. As plaintiff was being arrested, she saw another person riding a similar bike past her and the officers but the officers did not stop that person. Plaintiff asked the officers why they would not stop the other person riding a similar bike but the officers failed to answer her question.

18. Plaintiff was searched on the street, cuffed and placed in the police van and transported to the 75th police precinct.

19. The handcuffs were placed so tight on plaintiff's hands that they left marks on

3

plaintiff's wrists.

20. One of the officers rode plaintiff's bike to the precinct but failed to give her any vouchers with which she could claim her bike later.

21. Both plaintiff and her husband asked that plaintiff's husband be allowed to take the bike home but the officers refused.

22. At the police precinct, plaintiff was fingerprinted, photographed and thrown into cell.

23. Plaintiff was detained in the cell for more than ten hours before she was given a Desk Appearance Ticket charging her with a traffic offense under VTL051101A and requiring her to appear in court on July 11, 2012. There was no further mention of any outstanding warrant.

24. While in detention, plaintiff suffered an asthma attack as a result of the condition of the cell. Plaintiff's husband had to rush her asthma pump to her from home.

25. And while at the precinct plaintiff asked defendant officers for a voucher for her bike but they refused to give her a voucher. Plaintiff made the request more than three times.

26. Plaintiff appeared in court on July 11, 2012 and was told to go home until she gets notice of any further court date.

27. The defendants are still in possession of plaintiff's bike. Plaintiff has not been able to get her bike back because the officers who took her back after her arrest refused to give her a voucher for the bike.

28. Plaintiff suffered physical injuries to her wrists and hand as a result of the handcuffs which were deliberately made very tight by the officers.

29. Plaintiff suffered and continues to suffer emotional distress, fear, humiliation, embarrassment, shock, loss of liberty, psychological trauma, pain, and damage to reputation as a

consequence of the defendants' unlawful conduct alleged herein.

30. The Plaintiff suffered violations of her federally guaranteed constitutional and civil rights including rights guaranteed to her under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

31. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

32. The Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

33. Plaintiff reiterates paragraphs 1 through 32 and incorporates such by reference herein.

34. By their conduct and under color of law, defendant officers deprived plaintiff of her constitutional right to be free from false arrest and false imprisonment.

35. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

36. Plaintiff reiterates paragraphs 1 through 35 and incorporates such by reference herein.

37. By their conduct and under color of law, defendant officers deprived plaintiff of her constitutional right to be free from excessive and unreasonable force.

38. As a direct and proximate result of the misconduct detailed above, plaintiff sustained

5

the damage herein before stated.

### AND AS FOR A THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION

39. Plaintiff reiterates paragraphs 1 through 38 and incorporates such by reference herein.

40. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A FOURTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

42. Plaintiff reiterates paragraphs 1 through 41 and incorporates such by reference herein.

43. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly and proximately caused by conduct, chargeable to defendant City, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

44. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

45. It was the policy and/or custom of the City to undertake inadequate and improper investigations of civilian complaints of police misconduct and to punish inadequately officers involved in complaints which were substantiated.

46. Both Internal Affairs Bureau (IAB) and the Civilian Complaints Review Board

6

(CCRB) have substantially failed in their responsibilities to investigate misconduct and to discipline transgressors. The IAB investigations of brutality rarely lead to any administrative trials and, in the rare instances that charges are sustained administratively, the punishment is minimal, lacking any deterrent effect.

47. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

48. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs were implemented or tolerated by policymaking officials for defendant City including but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases.

49. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

(d)     The very limited circumstances under which a warrantless search may be carried out.

50. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when there is probable cause for such arrest.

51. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

52. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

53. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York observed that the City of New York had been accused of racial profiling on

8

multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling. And in *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and unreasonable stop, frisk, search and seizure. *See also Davis v. City of New York*, 10 Civ. 0699, 2013 U.S. Dist. LEXIS 45601 (S.D.N.Y. March 28, 2013) (same).

54. Recently, a jury determined that officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

55. As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

56. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

57. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

58. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

## AND AS FOR A FIFTH CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision Under State Law; Defendant City)

59. Plaintiff reiterates paragraphs 1 through 58 and incorporates such by reference herein.

60. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

61. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of her liberty and violation of her federal constitutional rights, was prevented from attending to her necessary affairs and suffered and continues to suffer significant emotional pain, distress, humiliation and embarrassment.

## AND AS FOR A SIXTH CAUSE OF ACTION:
### 42 U.S.C. § 1983 - CONSPIRACY

62. Plaintiff reiterates paragraphs 1 through 61 and incorporates such by reference herein.

63. Defendant officers and other John Doe police officers acting under color of law, conspired with one another to deprive plaintiff of her constitutional rights, including the rights: to be free from unlawful searches and seizures; to have access to and seek redress in the courts; and to be free from false arrest and false imprisonment.

64. It was part of the conspiracy that the defendant officers refused to provide plaintiff with a voucher for her property thereby preventing plaintiff from claiming her property.

65. In furtherance of the conspiracy defendants lied about plaintiff having an outstanding warrant, and to cover up their unlawful arrest of plaintiff, they fabricated and contrived false charges against her and issued her with a summons for allegedly driving with a suspended

10

license.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

### AND AS FOR A SEVENTH CAUSE OF ACTION:
### CLAIM FOR LOSS OF PROPERTY

67. Plaintiff reiterates paragraphs 1 through 66 and incorporates such by reference herein.

68. Plaintiff's bike was confiscated by defendants without due process in violation of the Constitution of the United States.

69. As a proximate result of the acts of defendants described above, Plaintiff suffered the damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
       February 17, 2015

                                LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                By:   _____
                                      Philip Akakwam, Esq.
                                      Attorneys for the Plaintiff
                                      303 Livingston Street, 2nd Floor
                                      Brooklyn, N.Y. 11217
                                      (718) 858-2488